NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM ALEXANDER SANCHEZ LAZO,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Case No. 2:25-cv-18324 (BRM)<br><br>OPINION |

MARTINOTTI, DISTRICT JUDGE

Before the Court is Petitioner William Alexander Sanchez Lazo's ("Petitioner") Motion for Attorney's Fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 13.) Respondents filed a letter opposition to the Motion (ECF No. 14), and Petitioner replied (ECF No. 15). Having reviewed and considered the parties' submissions filed in connection with the Motion, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, Petitioner's Motion is **DENIED**.

I.      BACKGROUND

Petitioner, a citizen of El Salvador, entered the United States without inspection. (ECF No. 9 at 1.) On November 26, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents. (*Id.*) Petitioner has been in ICE detention since his arrest. (*Id.*) Following Petitioner's arrest and detention by ICE, he had not been afforded an individualized bond hearing because he was being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

On December 9, 2025, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention under § 1225(b)(2). (*See generally* ECF No. 1.) Respondents filed an opposition to the Petition (ECF No. 9), and Petitioner filed a reply (ECF No. 10).

On December 23, 2025, the Court granted the Petition and found Petitioner could not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and instead he could be detained only pursuant to the discretionary provisions of 8 U.S.C. § 1226(a). (*See generally* ECF No. 11.) The Court ordered Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge ("IJ"). (*See id.*)

On February 22, 2026, Petitioner filed the Motion for Attorney's Fees under the EAJA now before the Court. (ECF No. 13.) Petitioner argues he is entitled to attorney's fees as the prevailing party because the Government's position in detaining him without a bond hearing was not "substantially justified." (*Id.* at 2–4.) Respondents filed a response in opposition on March 23, 2026, arguing their position before and during this matter was substantially justified. (*See* ECF No. 14.) Petitioner replied the same day. (ECF No. 15.)

## II.    LEGAL STANDARD

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action (other than cases sounding in tort), . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Third Circuit found that "the EAJA unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026).

2

"Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* at 433 (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)). "To satisfy this burden and defeat a prevailing party's application for fees, the government must . . . demonstrat[e] '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Id.* (quoting *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010)). "'[I]n immigration cases, the Government must meet the substantially justified test twice': once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct." *Id.* (quoting *Johnson*, 416 F.3d at 210). Courts "do not assume the position of the Government was not substantially justified simply because it lost." *Id.* (citing *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009)).

## III.    DECISION

In his Motion, Petitioner argues the Respondents' position was not substantially justified. (ECF No. 13.) The Court disagrees.

The Court finds Respondents' pre-litigation position was substantially justified. Section 1225 provides in relevant part that "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal hearings. 8 U.S.C. §1225(b)(2)(A) (emphasis added). On September 5, 2025, the Board of Immigration Appeals ("BIA") adopted Respondents' argument and held immigration courts could not conduct bond hearings for noncitizens who were detained pursuant to §1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

3

Petitioner was detained on November 26, 2025. (ECF No. 9 at 1.) While the Court has found the BIA's position unsupported as a matter of law,[1] Respondents were following a binding administrative decision in detaining Petitioner. *See Martinez Amaya v. Bondi*, Civ. A. No. 26-1945, 2026 WL 1078278, at *2 (D.N.J. Apr. 21, 2026) (denying a motion for attorney fees under the EAJA and finding that the government's position was substantially justified because the government "did no more than follow a binding administrative decision in detaining [the] petitioner"); *see also Gjergj G. v. Edwards*, Civ. A. No. 19–5059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) ("Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful.").

Likewise, the Court finds Respondents litigation position was substantially justified during the pendency of this matter. Although this Court and many District Courts around the country have overwhelming rejected the BIA's interpretation of its authority to detain noncitizens pursuant to 8 U.S.C. § 1225(b), both the Fifth Circuit and the Eighth Circuit have agreed with Respondents' position and held that "applicants for admission" are subject to detention under Section 1225(b)(2)(A). *See Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding "§ 1225(b)(2)(A) mandates the detention of unadmitted [noncitizens] already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States). Also, a three-judge panel of the Seventh Circuit recently considered Respondents' position that noncitizens unlawfully living in the United States are subject to mandatory detention under § 1225(b)(2), but split on the merits of Respondents' position on a 1-1-1 basis. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 857 (7th Cir. 2026). Additionally, the Third Circuit

---

[1] *See Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025).

4

has not yet addressed whether § 1225(b)(2) applied to Petitioner's detention, although two cases remain open and pending. *See Lopes De Andrade v. Director Phila. Field Office Immigr. & Customs Enf't*, No. 26-1454 (3d Cir.); *Buele Morocho v. Warden Phila. FDC*, No. 26-1150 (3d Cir.).

Therefore, based on the above, the Court finds Respondents' position was "justified to a degree that could satisfy a reasonable person." *Pierce v, Underwood*, 487 U.S. 552, 565 (1988); *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (quotation marks omitted) (quoting *Schock v. United States*, 254 F.3d 1, 6 (1st Cir. 2001))).

## IV.     CONCLUSION

For the reasons expressed above, Petitioner's Motion (ECF No. 13) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 24, 2026

5